**Thomas Jerome BULLOCK, III, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23131.**

United States Court of Appeals Fifth Circuit.

Nov. 8, 1966.

H. T. Carter, Columbus, Miss. (Court-appointed), for appellant.

H. M. Ray, U. S. Atty., E. Grady Jolly, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before RIVES, GEWIN and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction in the United States District Court for the Northern District of Mississippi on two counts of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C., Sec. 2312. The appellant claims that his arrest was unlawful thus rendering inadmissible certain evidence used against him.

On June 2, 1965, appellant and one Norman, went to Justice of the Peace Patrick in Columbus, Mississippi, to obtain a bill of sale for a 1962 Chevrolet which appellant was driving. In filling out the bill of sale the appellant omitted the tag number and serial number of the car. When this omission was called to his attention, Norman asserted the car bore no tag but they would get the serial number. Judge Patrick had a constable follow them to see where they went, the kind of vehicle they were driving and whether it had a tag number of any description. After a few minutes the constable reported back to Judge Patrick. The appellant and Norman then returned with the serial number, but still did not furnish a tag number. Actually the car did have a tag issued in Louisiana. After appellant and Norman left his office, Judge Patrick telephoned the city police. The police then put out over the police radio an alert, describing the car in question and requesting all police to be "on the lookout" for it. Officer Oglesby spotted the car and followed it to a service station where appellant had stopped. He asked the appellant for his driver's license and when appellant stated he did not have one, he was arrested. On June 9, 1965, a week later, the owner of Cox's Standard Service Station informed the police that two cars had been abandoned on his parking lot. The police found in one of these cars a bed sheet and towel. Upon investigation, one of these abandoned cars and the car for which appellant had tried to get a bill of sale were found to be stolen. Appellant was subsequently indicted and convicted.

The bed sheet and towel, the admission of which appellant complains, were seized from one of the abandoned cars which apparently belonged to Norman. Since the record does not show that appellant ever had or claimed any interest in this vehicle, we find that he has no standing to complain. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Konigsberg, 336 F.2d 844, 847 (3 Cir. 1964); United States v. Grosso, 358 F.2d 154 (3 Cir. 1966); Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.

The judgment is affirmed.